IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,
  vs.                                  **Case No. 05-40035-01-RDR**

CHARLES OSHAY BROWN,

        Defendant.

**O R D E R**

This matter is presently before the court upon defendant's <u>pro se</u> motion for reconsideration for reduction of sentence pursuant to 18 U.S.C. § 3582(c). The defendant seeks modification of his sentence pursuant to recent amendments to the United States Sentencing Guidelines ("Guidelines") on cocaine base offenses. Having carefully reviewed the defendant's motion, the court is now prepared to rule.

On October 14, 2005, the defendant entered a plea of guilty pursuant to a plea agreement to one count of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1). The presentence report calculated defendant's base offense level as 31 and his criminal history category as V. This yielded an advisory Guidelines sentencing range of 168 to 210 months. In the plea agreement, the defendant agreed he would not ask for a sentence less than 140 months and, in exchange for this agreement, the government agreed not to request a sentence of more than 151

months.  The defendant also waived any right to appeal or collaterally attack his conviction and sentence and waived his right to challenge his sentence or attempt to modify or change his sentence pursuant to 18 U.S.C. § 3582(c)(2).  The court adopted the calculations of the presentence report, but imposed a variant sentence under 18 U.S.C. § 3553(a) of 136 months.

On June 11, 2008 defendant, proceeding pro se, filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c). The defendant sought a reduction of his sentence based on Amendment 706 to the Guidelines.  After a response from the government, the court dismissed the defendant's motion, finding that the defendant had expressly waived the right to file such a motion in his plea agreement.

On September 29, 2011, the defendant, again proceeding pro se, filed another motion to reduce sentence pursuant to 18 U.S.C. § 3582(c).  The defendant again relied upon amendments to the Guidelines.  The court once again denied the defendant's motion, noting that the motion was remarkably similar to the prior motion. The court determined that the prior discussion of the waiver provisions of the plea agreement still applied.

The defendant again seeks reduction of his sentence based upon the recent amendments to the Guidelines on cocaine base.  This time the defendant suggests that Freeman v. United States, 131 S.Ct. 2685 (2011) supports a reduction by this court.

The court must again deny and dismiss the defendant's motion. The decision by the United States Supreme Court in Freeman does not command a different result. In Freeman, the Supreme Court determined, in a split majority opinion, that defendants who are sentenced in accordance with binding agreements under Fed.R.Crim.P. 11(c)(1)(C) may in some cases be eligible for relief under § 3582(c)(2). Justice Sotomayor indicated in her controlling concurrence that a Rule 11(c)(1)(C) sentence is eligible for such relief where the agreement "expressly uses a Guidelines sentencing range to establish the term of imprisonment." Id. at 2698 (Sotomayor, J., concurring in the judgment). This case is distinguishable from Freeman for several reasons. First, the defendant here did not enter a plea pursuant to Rule 11(c)(1)(C). Second, and most importantly, the defendant here specifically waived his right to file a motion for relief under § 3582(c) in the plea agreement. The court is not denying the defendant's motion because he entered into a Fed.R.Civ.P. 11(c)(1)(C) plea agreement. Rather, the court is denying and dismissing the defendant's motion because he expressly waived his right to file a motion to reduce sentence under § 3582(c). In the response to his prior motions, the government raised the waiver provision and the court applied it. The defendant has once again failed to address the waiver provisions, and the court sees no reason why they would not apply here as well. Accordingly, the court must dismiss the defendant's

motion.

**IT IS THEREFORE ORDERED** that defendant's motion for reconsideration for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) (Doc. # 60) be hereby denied and dismissed.

**IT IS SO ORDERED.**

Dated this 8th day of December, 2011 at Topeka, Kansas.

                                          s/Richard D. Rogers
                                          United States District Judge